## COLUMBUS (City), Plaintiffs-Appellees, v. BURRIS, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5844. Decided March 25, 1958.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Paul A. Scott, Asst. City Atty., Columbus, for plaintiff-appellee City of Columbus. Isadore Margulis, Columbus, for defendant-appellant.

## OPINION

By PETREE, PJ.

This is a law appeal from the Municipal Court of Columbus, Traffic Division, where three cases were heard together.

The bill of exceptions contains the record made in Case No. 15849 and Case No. 15852, both of which were State of Ohio v. Earl Burris and

both of which involved driving after revocation in violation of §4507.38 R. C. The bill of exceptions also contains the record in Case No. 15850, wherein Earl Burris was charged with unlawful speed in violation of Section 27.326 of the Columbus City Code.

The jury found the defendant, Earl Burris, guilty on all three charges.

Defendant, appellant herein, filed in this court the following assignments of error:

1. The Municipal Court of Columbus, Ohio, erred in overruling the defendant's motion for dismissal and to enter judgment for the defendant made at the close of the plaintiff's evidence, and also erred in overruling the defendant's motion to dismiss and enter judgment for the defendant at the close of all evidence.

2. The verdict and judgment of the Municipal Court of Columbus, Ohio, is contrary to law.

3. The verdict and judgment of the Municipal Court of Columbus, Ohio, conflicts with the defendant's Constitutional rights, and the Revised Code, sections of the State of Ohio and especially §2945.27 R. C., which is mandatory.

4. The lower Court erred in overruling the defendant's motion for a new trial.

5. The Corpus Delicti of the crime was not established or proven against this defendant, by proof beyond a reasonable doubt.

One of the complaints made by appellant, which he raised in the lower court also, is double jeopardy in Case No. 15852. A demurrer had been sustained to the charge against appellant involving the same offense alleged to have occurred on or about July 27, 1956, and contained in 1956 Case No. 26665. A copy of this affidavit in Case No. 26665 is shown as defendant's Exhibit A. The appellant was finally tried on the same set of facts in Case No. 15852.

In view of the statutory authorization to amend indictments and affidavits when done according to law, we feel that this point is not well taken. The record indicates that before the case was presented to the jury, the case was finally amended on the morning of the trial, and Officer Allman was resworn 10/21/57 before J. A. McHale, Deputy Clerk of the Municipal Court.

Another charge was amended in Case No. 15849 to delete certain conclusions of law, so that as the cases went to trial, all three affidavits were in such form as to state an offense.

Another question discussed by the appellant relates to §2945.27 R. C. The record shows that the court required the prospective jurors to be sworn before the voir dire. The record is silent as to any questions propounded by the court. However, there were a number of questions on voir dire by the prosecution. On Page 23 the court stated, "The defense counsel may inquire." To which Mr. Margulis, attorney for appellant (defendant in lower court), answered, "No inquiry at this time, your Honor."

On Pages 24 and 25 the following occurred:

"THE COURT: Does the defense have any challenge for cause?

"MR. MARGULIS: None, your Honor.

122

"THE COURT: Does the prosecution have any preemptory challenge?

"MR. SCOTT: No preemptory challenge.

"THE COURT: Does the defense have any preemptory challenge?

"MR. MARGULIS: None, your Honor.

"THE COURT: The jury will then stand and be sworn.

"(Thereupon the jury was sworn by the deputy clerk.)

"MR. MARGULIS: At this time, your Honor, we'd like the record to show that we aren't waiving any of our rights under the constitution and laws of the State of Ohio in reference to the picking and impanelling of a jury. We are taking exception to all the rights that we are entitled to.

"MR. SCOTT: What was that?

"THE COURT: Just a minute. Well, at this time, the Court will have a seven minute recess during which time the Court will admonish the jurors not to discuss this case in any way and to allow no one to talk to you about any matter pertaining to this trial. If there should be an attempt to do so, report the matter at once to me.

"MR. SCOTT: Wait a minute, your Honor. I want to get this in the record.

"THE COURT: We'll consider this at the end of the recess.

"(And thereupon a recess was taken.)

"AFTER RECESS

"MR. SCOTT: Let the record show that on voir dire examination, there was no examination by the defendant nor was there any preemptory challenges taken—period."

While the statute, as amended more than a month before this trial, directs the court to examine the prospective jurors under oath or affirmation as to their qualifications to serve as fair and impartial jurors, it would seem that it is the duty of the defendant or his counsel to call the court's attention specifically to the nature of his objections and that his general statement on Page 24 to the effect that "we aren't waiving any of our rights under the constitution and laws of the State of Ohio in reference to the picking and impanelling of a jury," is not sufficient to constitute prejudicial error by putting the court on notice as to the nature of the objections. The record is silent as to counsel's contentions in the matter, and it does not show that Mr. Margulis even referred to §2945.27 R. C., at this point.

The time to give the opportunity to the court to correct errors was then and there. The failure of appellant's counsel to point out to the court what specific objection he had, when coupled with his other statements recited above from Pages 24 and 25 when he said that he did not have any challenge for cause or peremptory challenge, makes the error one which was not prejudicial because at most it was an error of omission. Counsel cannot sit idly by and talk generally about the constitutional and statutory rights of the defendant and fail to challenge the array at the end of a rather complete voir dire examination by the prosecutor and then take advantage of an error of omission by the court.

Assignment of error No. 5 is not well taken under the rule laid down in State v. Maranda, 94 Oh St 364, Paragraph 2 of the syllabus.

123

We find none of the assignments of error well taken; and, therefore, the judgment of the Municipal Court of Columbus will be affirmed and mandate will be sent for the execution of its sentence.

Judgment affirmed.

BRYANT and MILLER, JJ, concur.